## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| In re:<br>    Andrew Consiglio, Jr.<br><br>    Debtor. | )<br>)<br>)<br>)<br>) | Chapter      7<br><br>Case No.    19-51465<br><br>ECF No.    13 |

### MEMORANDUM OF DECISION AND ORDER DISMISSING CASE WITH PREJUDICE WITH A TWO YEAR BAR TO REFILING

Andrew Consiglio, Jr. (the "Debtor") proceeding *pro se*, filed a voluntary Chapter 7 petition on November 5, 2019. On December 6, 2019, the Court issued an Order to Appear and Show Cause why the Debtor's case should not be dismissed with prejudice pursuant to 11 U.S.C. §§105(a) and/or 349 (the "Order to Appear and Show Cause"). ECF No. 13. The Order to Appear and Show Cause was served on the Debtor at the address listed on his Chapter 7 Petition. ECF No. 14. The hearing on the Order to Appear and Show Cause was scheduled to be held on December 17, 2019, at 10:00 a.m. before this Court. Because the Court was closed on December 17, 2019 due to inclement weather, the hearing was rescheduled to January 7, 2020 at 11:00 a.m. On December 18, 2019, at 4:28 p.m., the Debtor filed an Objection to the Order to Appear and Show Cause (the "Debtor's Objection"). ECF No. 22. In addition to the fact that the Debtor's Objection was not timely filed, it was signed by the Debtor and Heather Lindsay.

On January 7, 2020 at 11:00 a.m., a hearing was held on the Order to Appear and Show Cause. Despite being ordered to do so, the Debtor failed to appear at the January 7th hearing. Heather Lindsay, who stated on the record that she had the authority to act on behalf of the Debtor, appeared at the January 7th hearing. At the conclusion of the hearing, the Court took the matter under advisement.

For the reasons stated on the record during the January 7th hearing on the Order to Appear

and Show Cause, and for the reasons set forth below, the Court finds that the Debtor's Chapter 7 case was not filed in good faith and was filed to hinder, delay, or frustrate creditors, which is an abuse of the bankruptcy process. The following reasons support this conclusion.

First, the Debtor has repeatedly failed to perform the duties required of a debtor under the Bankruptcy Code. This is the seventh bankruptcy case filed by the Debtor or by the Debtor and a joint Debtor since 2009. All of the Debtor's prior cases were dismissed for failure to file required information and/or failure to pay the filing fee. Likewise, in this case, the Debtor has failed to timely file required Statements, Schedules, and Certificates. On November 6, 2019, a Deficiency Notice was issued in the Debtor's instant case because the Debtor's Statements and Schedules were not filed with his petition. ECF No. 4. It was not until after the Court issued the Order to Appear and Show Cause that the Debtor filed his Statements and Schedules. ECF No. 18. Even that filing, however, fails to cure the deficiency. For example, the Statement of Intention, although signed by the Debtor, is otherwise left blank and is therefore a deficient filing. In this Chapter 7 case, and in each of the Debtor's prior cases, the Debtor has failed to, among other things, comply with the duties of a debtor under 11 U.S.C. § 521.

Second, there does not appear to be a bankruptcy purpose to the Debtor's Chapter 7 case. Pursuant to 11 U.S.C. § 362(c)(4)(A)(i), because two or more cases of the Debtor were pending within the previous year but were dismissed when the Debtor filed this Chapter 7 case, the automatic stay provided in 11 U.S.C. §362(a) did not go into effect upon the filing of this Chapter 7 case. Within the first thirty (30) days of the filing of this Chapter 7 case, the Debtor could have requested the stay take effect in accordance with 11 U.S.C. § 362(c)(4)(A)(ii). The Debtor's failure to take any steps to do so underscores the lack of bankruptcy purpose here, which supports dismissal of the Debtor's case.

While dismissal of a case is generally without prejudice, section 349(a) "at the same time expressly grants a bankruptcy court the authority to dismiss a case with prejudice to a subsequent filing of any bankruptcy petition." *In re Casse*, 219 B.R. 657, 662 (Bankr. E.D.N.Y. 1998), *subsequently aff'd,* 198 F.3d 327 (2d Cir. 1999). Section 349(a) provides that "[u]nless the court, for cause, orders otherwise, the dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed; nor does the dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in section 109(g) of this title." 11 U.S.C. § 349. Therefore, "if 'cause' exists, a court is authorized, pursuant to § 349(a), to dismiss a bankruptcy case with prejudice to refiling." *Casse* at 662.

In addition to the authority to dismiss a case for cause set forth in section 349(a), section 105(a) provides that "[n]o provision of this title shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." Section 105(a) provides bankruptcy courts with a general grant of power to police dockets and afford appropriate relief. *See* 8 Collier on Bankruptcy, ¶105.01[2], p. 105-9 (Alan N. Resnick & Henry J. Sommers eds., 16th ed.) (citing *In re Oi Brasil Holdings Cooperatief U.A.*, 578 B.R. 169, 201 (Bankr. S.D.N.Y. 2017), *reconsideration denied*, 582 B.R. 358 (Bankr. S.D.N.Y. 2018) ("Section 105(a) is understood as providing courts with discretion to accommodate the unique facts of a case consistent with policies and directives set by the other applicable substantive provisions of the Bankruptcy Code")). Thus, section 105(a) empowers the Court to act as necessary to prevent an abuse of the bankruptcy process.

Therefore, a review of the totality of the circumstances establishes that cause exists to dismiss the Debtor's case. *See In re Blumenberg*, 263 B.R. 704, 716 (Bankr. E.D.N.Y. 2001); *In re Lombardo*, 370 B.R. 506, 511 (Bankr. E.D.N.Y. 2007). In addition, pursuant to 11 U.S.C. § 349(a), dismissal of the Debtor's case with prejudice is warranted under the circumstances of the Debtor's case. *See In re Casse*, 219 B.R. at 662. Finally, dismissal with prejudice is appropriate under section 105(a) to prevent an abuse of the bankruptcy process. *See* 8 Collier on Bankruptcy, ¶105.01[2], p. 105-9 (Alan N. Resnick & Henry J. Sommers eds., 16th ed.).

Accordingly, it is hereby

**ORDERED**: The Debtor's Chapter 7 case is **DISMISSED WITH PREJUDICE** with a two year bar to filing a bankruptcy petition under any chapter of the Bankruptcy Code; and it is further

**ORDERED**: At or before 4:00 p.m. on January 8, 2020, the Clerk's Office shall serve this Order upon the Debtor at the address listed on the Debtor's Chapter 7 petition.

Dated at Bridgeport, Connecticut this 7th day of January, 2020.

*Julie A. Manning*
Chief United States Bankruptcy Judge
District of Connecticut